Charles E. BONNER

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare.

No. 79–1634.

United States District Court, E. D. Pennsylvania.

May 4, 1981.

Pamela S. Fisher, Montgomery County Legal Aid Service, Norristown, Pa., for plaintiff.

Gary S. Turetsky, Asst. Regional Atty., Dept. of Health and Human Services, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiff, Charles E. Bonner, seeks recovery of $2,017.40 in disability benefit overpayments which the Secretary of the Department of Health, Education and Welfare (renamed the Department of Health and Human Services) "recouped" without a

prerecoupment oral hearing. Jurisdiction lies under 42 U.S.C. § 405(g) (1976).[1]

On May 27, 1977, claimant reestablished entitlement to disability benefits. Tr. 94.[2] The Secretary determined that claimant had received $2,017.40 in overpayments from a previous disability. Tr. 9. From June 1977—February 1978, the Secretary recouped the sum through paying claimant $18.20 per month. On March 3, 1978, the Secretary wrote to claimant stating that claimant's January 1978 check for $18.20 represented the balance of monies due claimant for June 1977 through January 1978; and that claimant had sixty days from receiving the notice of benefit entitlement to request reconsideration. On May 9, 1978, claimant applied for reconsideration of the recoupment decision, stating that he was without fault. Tr. 97–98. The Secretary denied his request for reconsideration on September 15, 1978. Tr. 101.

Over a year and half after the Secretary began recoupment and, over a year after the monies were completely recouped, the Administrative Law Judge held an oral hearing. Tr. 18.

The ALJ concluded that claimant was not without fault in receiving the social security overpayments. Accordingly, the ALJ denied plaintiff's written request under § 204(b) of the Social Security Act, 42 U.S.C. § 404(b) (1976) for recovery of the recouped sum. Tr. 5–9.[3] The Appeals Council upheld the ALJ's decision on March 13, 1979. Tr. 2–3.

Plaintiff brought this action on May 7, 1979. The parties have filed cross motions for summary judgment.

## I. Summary Judgment

Under Fed.R.Civ.Pro. 56(c), summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[4] The Supreme Court has stated that summary judgment is authorized only where "the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944). *Accord, Hurtado v. U. S.*, 410 U.S. 578, 587–588 n.8, 93 S.Ct. 1157, 1163 n.8, 35 L.Ed.2d 508 (1973).

## II. Undisputed Facts

Plaintiff was employed by the Philadelphia school system as a physical education instructor. On December 19, 1973, he suffered a heart attack and was hospitalized. He became entitled to social security disability insurance payments in June, 1974. (Complaint ¶ 6).

Plaintiff informed the social security administration that he was returning to work. He did resume work in September, 1974 and worked until May, 1977 (Complaint ¶ 7). He received social security disability benefit payments until March, 1976 (Complaint ¶ 9). The payments stopped because the Social

---

1. In relevant part, § 405(g) states:
   Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

2. Claimant's previous entitlement to such benefits (which is not here an issue) is briefly discussed at p. 311, *infra*.

3. § 404(b) states:
   In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to or

recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

4. In relevant part, Fed.R.Civ.Pro. 56(c) states:
   The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Security Administration determined that claimant was only entitled to disability benefits for the June 1974—August 1975 period. (Complaint ¶ 10).

Plaintiff again became disabled due to his heart condition in May of 1977. Tr. 94. Effective June 1977, a new period of entitlement to disability insurance benefits was established for plaintiff. (Complaint ¶ 11). When plaintiff reapplied for disability benefits, it was unilaterally determined that previously he had received overpayments. As a means of recouping these prior overpayments, the Social Security Administration decided to withhold a substantial part of plaintiff's monthly disability benefits check. (Complaint ¶ 11).

In summary, the parties do not dispute that from September 1975—March 1976 plaintiff received overpayments of $2,017.40; plaintiff reestablished entitlement to disability insurance payments to begin in June 1977; from June 1977—January 1978, the Secretary withheld a substantial part of the payments to which plaintiff was otherwise entitled by reason of the second disability period;[5] and plaintiff was not given an oral hearing prior to the Social Security Administration setting in motion its recoupment method.

Plaintiff was afforded a post-recoupment hearing. Tr. 18–86. The ALJ affirmed the initial recoupment decision, held that claimant was not without fault and that recoupment would not defeat the purposes of the Act or be against equity and good conscience. Tr. 9. The ALJ did not address the threshold question of whether the Social Security Administration could *summarily* deprive claimant of benefits to which he was entitled following (reestablishment of) his disability in May, 1977.

### III. *Legal Discussion*

The sole issue presented here is whether plaintiff was entitled to a pre-recoupment oral hearing. The resolution of this issue involves the power of the Social Security Administration to recover alleged overpayments and the procedures which the law requires the Administration to use in doing so. Plaintiff argues that the United States Constitution and Section 204(b) of the Social Security Act, 42 U.S.C. § 404(b) (1976) entitle him to such an oral hearing before the Secretary may deprive him of any of the social security benefits to which he is entitled. In part, he relies on *Mattern v. Mathews*, 582 F.2d 248, 259 (3d Cir. 1978) which held that recipients of widow's disability benefits are constitutionally entitled to pre-recoupment oral hearings. Defendant argues that plaintiff has no constitutional right to a pre-recoupment oral hearing and that in any event, the post-recoupment hearing which the Secretary accorded plaintiff was sufficient.

The Supreme Court has repeatedly cautioned that where a case may be decided on either constitutional or statutory grounds, the lower courts should decide the case on statutory grounds. *Ashwander v. T.V.A.*, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (concurring opinion); *New York City Transit Authority v. Beazer*, 440 U.S. 568, 582–583 and n.22, 99 S.Ct. 1355, 1363–64 and n.22, 59 L.Ed.2d 587 (1979); *Califano v. Yamasaki*, 442 U.S. 682, 692, 99 S.Ct. 2545, 2553, 61 L.Ed.2d 176 (1979). Adhering to that admonition, this court shall decide this matter without reaching the constitutional claim.

In *Yamasaki* the Supreme Court held that a disability insurance benefits claimant is entitled by the relevant *statute* § 404(b), to a prerecoupment oral hearing. 442 U.S. at 693, 696–697, 99 S.Ct. at 2553, 2555–56.

> [W]ritten review hardly seems sufficient to discharge the Secretary's statutory duty to make an accurate determination of waiver under § 204(b). Under that subsection, the Secretary must assess the absence of 'fault' and determine whether or not recoupment would be 'against equity and good conscience.' ... As the Secretary's regulations make clear, 'fault' depends on an evaluation of 'all pertinent

---

5. Plaintiff received monthly payments of $18.20 during the recoupment period. As of April 3, 1978, claimant was entitled to a disability check of $258.90, and thereafter he was entitled to receive monthly checks of $359.90. Tr. 95.

circumstances' including the recipient's 'intelligence ... and physical and mental condition' as well as his good faith. 20 C.F.R. § 404.507 (1978). We do not see how these can be evaluated absent personal contact between the recipient and the person who decides his case. Evaluating fault, like judging detrimental reliance, usually requires an assessment of the recipient's credibility, and written submissions are a particularly inappropriate way to distinguish a genuine hard luck story from a fabricated tall tale. *See, Goldberg v. Kelly*, 397 U.S. [254] at 269 [90 S.Ct. 1011 at 1021, 25 L.Ed.2d 287]

.    .    .    .    .

... We therefore agree with the Court of Appeals that an opportunity for a prere-coupment oral hearing *is required* when a recipient requests waiver under § 404(b).

(emphasis supplied)

Plaintiff requested a waiver in writing and is accordingly entitled by the statute itself to a pre-recoupment oral hearing, *Yamasaki, supra.* However, the Secretary argues it does not matter that plaintiff was deprived of his statutory right because the post recoupment oral hearing complied sufficiently with the relevant constitutional standards. That argument misses the point. It makes no sense from an enforcement standpoint to say that individuals have a right to a pre-recoupment oral hearing but the government may abridge that right with impunity. The Secretary has failed to follow the statute giving it the power to recoup the overpayments. Congress has provided an effective statutory remedy. Therefore, the court need not decide what constitutes the relevant constitutional standards where a disability claimant has applied for benefits in writing and his claim is denied. *Ashwander, supra; Yamasaki, supra.*[6] Accord, Ross v. Horn, 598 F.2d 1312, 1318 (3d Cir. 1979) "[W]here the claimant opposed recoupment on the basis of section 204(b), 42 U.S.C. § 404(b) ... an informal hearing with certain prescribed minimal safeguards must be provided prior to recoupment."

This court notes with interest the following language in *Yamasaki*:

[T]he Secretary, beginning with calendar year 1977, has granted what respondents term 'a short personal conference with an impartial employee of the Social Security Administration at which time the recipient presents testimony and evidence and cross-examines witnesses, and the administrative employee questions the recipient.' ... Of the approximately 2,000 conferences held between January 1977 and October 1978, 30% resulted in a reversal of the Secretary's decision ... This rate of reversal confirms the view that, without an oral hearing, the Secretary may misjudge a number of cases that he otherwise would be able to assess properly, and that hearing requirement imposed by the Court of Appeals significantly furthers the statutory goal that 'there shall be no' recoupment when waiver is appropriate.

442 U.S. at 697, 99 S.Ct. at 2556.

In this Circuit, a § 404(b) benefits recipient's right to a pre-recoupment oral hearing is well established. *Mattern v. Mathews,* 582 F.2d at 258–259; *Ross v. Horn, supra.* The violation of this right cannot be excused especially in light of the Supreme Court's finding in *Yamasaki,* that 30% of the Secretary's decisions to recoup are *reversed* following the informal oral hearing. 442 U.S. at 697. This evidence supports the Supreme Court's thesis in *Yamasaki* that

---

6. Even if the court were to decide the constitutional issue, the disposition of this case would be the same. *Mattern v. Mathews,* 582 F.2d at 258 held that "[T]he due process clause requires a pre-recoupment oral hearing when a recipient has filed a legally sufficient claim of entitlement to 'waiver' of recoupment under section 204(b)." The Third Circuit stated:

A court must be flexible in fitting procedural requirements to the circumstances of a case. *Board of Curators v. Horowitz, supra,* 435 U.S. at 78, 98 S.Ct. 948 [55 L.Ed.2d 124]; *Cafeteria Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743 [1748], 6 L.Ed.2d 1230 (1961). After considering all factors under the analysis in *Eldridge,* we find that an informal oral hearing will provide adequate safeguards to recipients of Title II benefits who are subject to recoupment. *Id.* at 258–259.

**314**

oral pre-recoupment hearings are necessary to make credibility determinations in ascertaining whether a claimant is without fault. *Id.* Furthermore, the fact that *post-*recoupment hearings may not be held for over a year and a half after the recoupment process has begun (as happened here) is reason enough to refuse to sanction the denial of the right to a pre-recoupment oral hearing.[7]

In the instant case, no short personal conference was held allowing plaintiff to present evidence *before* recoupment.

This court cannot sanction an administrative error or practice which deprives claimants of their established statutory right. Since there could be additional relevant evidence regarding whether plaintiff was without fault as to the overpayments, the court shall remand.

Accordingly, the judgment of the Secretary is reversed and the case remanded for prompt disposition consistent with this opinion. Pending the ALJ's decision on remand, claimant shall be entitled to immediate payment of the sum of $2,017.40, plus legal interest.

---

**7.** The government argues that *Yamasaki* should be applied prospectively. This court is not persuaded that prospective application is appropriate. *Yamasaki* did not establish a new principle of law by overruling clear past precedent or deciding an issue of first impression. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). Furthermore, *retroactive* application would not retard the operation of the *Yamasaki* rule, or produce substantial inequitable results. *Id.* Further, *Mattern* put the government on notice that in this Circuit a pre-recoupment oral hearing is required for Title II benefits recipients as a matter of constitutional law. 582 F.2d at 258–259. The original Third Circuit decision was rendered before recoupment of overpayments to Bonner. *Mattern v. Weinberger,* 519 F.2d 150, 168–169 (3d Cir. 1975). Like any litigant the government took the risk that on appeal the reviewing court, or as in this case the Court of Appeals on remand, would reaffirm its initial (adverse) determination. Therefore, the government's failure to give Bonner a pre-recoupment oral hearing while *Mattern* was on appeal is no reason for the government to now claim surprise, prejudice, or substantial inequitable results.